IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-01493-MSK-PAC

KEVIN P. CROSS,

      Plaintiff,

v.

RECEIVABLES MANAGEMENT SOLUTIONS, INC., and
ASSET ACCEPTANCE CORPORATION,

      Defendants.

---

## MEMORANDUM OPINION AND ORDER TO DISMISS, IN PART

---

THIS MATTER comes before the Court on two motions to dismiss **(#51, #57)** filed by

the Defendants.  Having considered the motions, the responses **(#55, #67)**, the replies **(#61, #70)**,

and all supporting briefs **(#52, #56, #58, #68)**, the Court finds and concludes as follows.

### I.  Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

### II.  Procedural Background

The Plaintiff, Kevin Cross, alleges that the Defendants are debt collectors who falsely

reported an invalid debt to credit bureaus and attempted to collect on such invalid debt.  The

salient allegations are as follows.

Mr. Cross attempted to purchase a car in July 2002 when he was informed that he could

not obtain financing at the lowest available rate because of a derogatory account listed in his

credit reports.  After reviewing such reports, he noticed that Defendant Asset Acceptance

Corporation ("AAC") was reporting a debt he did not recognize.  Such debt was identified as a "charge-off" collection account originated by Citicorp, Zale Corp. or Citi-Commerce Solutions/Zales (referred to herein as "Citi-Zales.").

In August 2002, Mr. Cross disputed this debt with the credit bureaus.  The credit bureaus obtained verification of the debt from AAC.  However, when Mr. Cross attempted to verify the debt himself, Citi-Zales was not able to verify it.

In September 2002, Mr. Cross contacted AAC to dispute the alleged debt and to request documentation of the debt.  AAC's representative, Donald Pugini (a/k/a Donald James) told Mr. Cross that he would seek verification from Citi-Zales, which would take about ten days.  More than ten days later, Mr. Cross called Mr. Pugini and left three messages, but Mr. Pugini did not return his calls.

Approximately one year later, Mr. Cross retained counsel.  His attorney contacted Mr. Pugini in September 2003.  During such conversation, Mr. Pugini stated that AAC "doesn't really validate debts of this nature and that it doesn't have to."  He also stated that if Mr. Cross wanted a "good credit report," he would be required to pay AAC.  Based upon this conversation, Mr. Cross alleges that "[i]t was clear . . . that AAC was intentionally reporting derogatory information harmful to Plaintiff in an effort to collect the alleged debt and/or coerce payment from Plaintiff[.]" Over the course of the next month, Mr. Cross' attorney called and left several messages for Mr. Pugini which went unreturned.

Defendant Receivables Management Solutions, Inc. ("RMS") became involved in September 2003.  On September 25, 2005, RMS sent a validation notice of the debt directly to Mr. Cross instead of to his attorney.  At such time, RMS was acting as AAC's agent.

In October 2003, Mr. Cross contacted Citi-Zales and confirmed that AAC did not seek verification of the reported debt at any time in 2002 or 2003.  In December 2003, AAC's attorney sent a letter to Mr. Cross' attorney stating that collection activity on the debt had ceased. However, the letter also stated: "This is an Attempt to Collect a Debt."

Between July 2002 and July 2004, Mr. Cross was denied credit at prime rates because of the debt reported by AAC to credit bureaus.  In November 2003, he was required to disclose the collection matter when applying for admission as an attorney with the Colorado Supreme Court. When refinancing his automobile in December 2003, he was forced to put the promissory note in his wife's name in order to obtain more favorable loan terms.

AAC continued to report the debt to credit bureaus as late as February 2004.  As of April 15, 2004, AAC had still failed to contact Citi-Zales to verify the alleged debt.  Since that time, Mr. Cross has been required to disclose the disputed debt and collection thereof in an application for employment and to his mortgage lender.

Mr. Cross asserts twelve claims for relief under the Federal Fair Debt Collection Practices Act ("Federal FDCPA"), the Colorado Fair Debt Collection Practices Act ("Colorado FDCPA"), the Colorado Uniform Consumer Credit Code, the Fair Credit Reporting Act, and Colorado common law.  He alleges that as a result of AAC's and/or RMS' conduct, he has suffered from stress, angst, shame, upset stomach, headaches, sleeplessness, and other ailments.  He seeks to recover actual damages, punitive damages, injunctive relief, attorney fees and costs.

AAC moves to dismiss all of Mr. Cross' claims except for Claim 8.  RMS moves to dismiss only Claim 4, which is the only claim asserted against RMS.  Both motions are asserted under Fed. R. Civ. P. 12(b)(6).

### III.  Issue Presented

The Court must determine whether to dismiss any of Mr. Cross' claims.

### IV.  Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted.  There is a strong presumption against the dismissal of claims under this rule.  *See Cottrell, Ltd. v. Biotrol Intern., Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999).  The Court accepts all well-pleaded allegations in the complaint as true and construes them in the light most favorable to Mr. Cross.  *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991).  Only if Mr. Cross can allege no set of facts in support of his claims is dismissal appropriate.  *See Jojola v. Chavez,* 55 F.3d 488, 490 (10th Cir. 1995).

### V.  Analysis

#### A.  FDCPA Claims

Six of Mr. Cross' claims (Claims 1, 2, 4, 5, 6 and 7) arise under the Federal FDCPA, and five of these also arise under the Colorado FDCPA.  AAC argues that five of the FDCPA claims are barred by the statute of limitations.  It also argues that Mr. Cross has failed to allege sufficient facts to support any FDCPA claims.  Mr. Cross denies that any of his FDCPA claims are barred by the statute of limitations or are insufficiently pled.

#### 1. Statute of Limitations

AAC argues that Claims 1, 2, 5, 6 and 7 are barred by the 1-year statute of limitations. Mr. Cross responds that these claims are timely asserted.

Pursuant to both the Federal FDCPA and the Colorado FDCPA, an action may be brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d); § 12-14-

113(4), C.R.S.  In Claim 1, Mr. Cross alleges that the violation occurred when RMS sent him the validation notice on September 25, 2003.  Mr. Cross commenced this action less than 1 year later on July 21, 2004.  Therefore, Claim 1 is not time-barred.  With respect to Claims 2, 5, 6 and 7, Mr. Cross alleges in his Second Amended Complaint that AAC first engaged in the violating conduct as early as July 2002 but continued to engage in such conduct into 2004.  To the extent that Claims 2, 5, 6 or 7 are premised upon violations which occurred within 1 year of the commencement of this action, they are not time-barred.

### 2. Sufficiency of Pleading

The parties agree that all of the FDCPA claims have the same basic elements: (1) Mr. Cross is a consumer; (2) AAC and/or RMS is a debt collector; and (3) AAC and/or RMS engaged in conduct prohibited by the FDCPA.  AAC contends that Mr. Cross has failed to allege sufficient facts to support any of these elements.  Mr. Cross disagrees.

A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." *See* 15 U.S.C. § 1692a(3); § 12-14-103(4), C.R.S.   Mr. Cross alleges that he is an individual for whom AAC has reported a debt.  Therefore, Mr. Cross has sufficiently pled facts to support element 1.

Under the Federal FDCPA, the term "debt collector" includes "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another[.]" 15 U.S.C. § 1692a(6).  Similarly, under the Colorado FDCPA, the term "debt collector" includes "any person employed or engaged by a collection agency to perform the collection of debts owed or due or asserted to be owed or due to another[.]" § 12-14-103(7), C.R.S.  Mr. Cross expressly alleges that both AAC and RMS are debt collectors.  He also alleges

that they have taken steps to collect an invalid debt. Therefore, he has alleged sufficient facts to support element 2.

Element 3 varies in each claim because it depends upon the FDCPA provision allegedly violated. Therefore, the Court addresses this element claim by claim.

In Claim 1, Mr. Cross alleges that AAC violated 15 U.S.C. § 1692e(2)(A) and § 12-14-107(1)(b)(I), C.R.S. These statutes prohibit a debt collector from falsely representing "the character, amount, or legal status of any debt[.]" Mr. Cross alleges that AAC, through its agent, sent him a validation notice which falsely represented the amount of the invalid debt as $420.53. Therefore, he has pled sufficient facts to support Claim 1.

In Claim 2, Mr. Cross alleges that AAC violated 15 U.S.C. § 1692e(8) and § 12-14-107(1)(i), C.R.S. These statutes prohibit a debt collector from: (1) communicating, or threatening to communicate; (2) to any person; (3) credit information which is known, or should be known, to be false, including the failure to communicate that a debt is disputed. Mr. Cross alleges that AAC communicated information about the non-existent debt to credit bureaus, that AAC knew or had reason to believe such information was false, and that AAC failed to report that the debt was disputed. Therefore, he has pled sufficient facts to support Claim 2.

In Claim 4, Mr. Cross alleges that AAC and RMS violated 15 U.S.C. § 1692c(a)(2) and § 12-14-105(1)(b), C.R.S. Both statutes forbid a debt collector to contact a consumer "in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address[.]" 15 U.S.C. § 1692c(a)(2); *see also* § 12-14-105(1)(b), C.R.S. Mr. Cross alleges that AAC knew that he was represented by an attorney when

it directed its agent, RMS, to contact him.  Therefore, he has pled sufficient facts to support Claim 4 *vis a vis* AAC.

Claim 4 is also asserted against RMS.  RMS argues that Claim 4 should be dismissed because Mr. Cross' allegations are insufficient to establish that RMS actually knew that Mr. Cross was represented by an attorney.  According to RMS, actual knowledge, rather than constructive knowledge, is required.  RMS also asserts that any knowledge AAC possessed cannot be imputed to RMS.  It is not necessary to resolve this issue because Mr. Cross alleges that both RMS and AAC knew that he was represented by an attorney when RMS contacted him, and that RMS was acting as AAC's agent.  This is sufficient for pleading purposes.

In Claim 5, Mr. Cross alleges that AAC violated 15 U.S.C. §§ 1692, *et seq.*, by failing to remove inaccurate information from his credit reports, failing to notify major credit bureaus that the debt at issue was disputed, and failing to substantiate the alleged debt.  Mr. Cross has alleged sufficient facts to support such violation.

In Claim 6, Mr. Cross alleges that AAC violated 15 U.S.C. § 1692f and § 12-14-108(1), C.R.S.  These statutes prohibit the use of unfair or unconscionable means to collect a debt.  Mr. Cross alleges that AAC has continually attempted to collect upon a debt which it refuses to verify. Therefore, Mr. Cross has alleged sufficient facts to support Claim 6.

In Claim 7, Mr. Cross alleges that AAC violated 15 U.S.C. § 1692d(1) and § 12-14-106(1)(a), C.R.S.  These statutes prohibit a debt collector from harassing, oppressing, or abusing any person in connection with the collection of a debt.  As with all of his other FDCPA claims, Mr. Cross has alleged sufficient facts to support such violation.  Therefore, the Court will not dismiss any of his FDCPA claims.

**B.  Other Claims**

Most of Mr. Cross' remaining claims arise under Colorado law.[1]  AAC argues that Claims

3, 9, 10 and 12 are preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

§ 1681h(e).  It also argues that Mr. Cross has failed to state claims upon which relief may be

granted in Claims 3, 9, 10, 11 and 12.  Mr. Cross denies that any claims are preempted and

contends that he has sufficiently pled such claims.

**1.  Preemption**

Pursuant to the FCRA, 15 U.S.C. § 1681h(e):

> (e) Limitation of liability
> Except as provided in sections 1681n and 1681o of this title, no
> consumer may bring any action or proceeding in the nature of
> defamation, invasion of privacy, or negligence with respect to the
> reporting of information against any consumer reporting agency,
> any user of information, or any person who furnishes information to
> a consumer reporting agency, based on information disclosed
> pursuant to section 1681g, 1681h, or 1681m of this title, or based
> on information disclosed by a user of a consumer report to or for a
> consumer against whom the user has taken adverse action, based in
> whole or in part on the report except as to false information
> furnished with malice or willful intent to injure such consumer.

Mr. Cross does not dispute the applicability of this statute and instead contends that he has

sufficiently alleged willful conduct on the part of AAC.

Mr. Cross repeatedly alleges that AAC engaged in "intentional and/or reckless, willful and

wanton acts."  His other allegations support the inference that AAC knew that Mr. Cross did not

owe the debt which it reported to credit bureaus and deliberately refused to take corrective action.

Construing all allegations in the light most favorable to Mr. Cross, the Court concludes that he

---

[1] Claim 8 arises under the Fair Credit Reporting Act.  AAC does not move to dismiss such claim.

has alleged sufficient facts to support "willful intent."   Therefore, the Court will not dismiss Claims 3, 9, 10 or 12 as preempted.

### 2. Sufficiency of Pleading

In Claim 3, Mr. Cross alleges that AAC violated the Colorado Uniform Consumer Credit Code, § 5-5-109(4)(d)(I) & (IV), C.R.S.  This statute authorizes injunctive relief and damages when a person engages in unconscionable conduct in collecting a debt that arises from a consumer credit transaction.  A consumer credit transaction is one in which a consumer purchases goods on credit.  *See* § 5-1-301(12), C.R.S.  Mr. Cross alleges that AAC engaged in unconscionable collection efforts and that the purported debt arose from the sale of goods on credit.  Therefore, he has sufficiently pled a violation of the Colorado Uniform Consumer Credit Code.

In Claim 9, Mr. Cross alleges that AAC committed the torts of false light and libel *per se*. In Claim 10, Mr. Cross alleges that AAC committed the torts of defamation and defamation *per se*.  The elements of these claims overlap, therefore the Court considers them together.

The elements of a false light claim are: (1) a false statement; (2) published to a third person; (3) with reckless disregard as to the statement's truth or falsity; (4) the statement was highly offensive to a reasonable person; (5) the statement was about Mr. Cross; and (6) Mr. Cross sustained actual damages.  *See Denver Pub. Co. v. Bueno*, 54 P.3d 893, 899 n.8 (Colo. 2002). The elements of a libel *per se* claim are identical except that element (1) requires the statement to be written (or in another fixed medium) and element (4) requires the statement to be defamatory as a matter of law.  *See id.*  The elements of a defamation *per se* claim are the same as those of a libel *per se* claim except that the statement can be oral.  The elements of a defamation *per quod* claim are: (1) a false statement; (2) published to a third party;

(3) derogatory to some element of a plaintiff's personal affairs; (4) through which a defendant intended to cause harm to the plaintiff's pecuniary interest or either recognized or should have recognized that it was likely to do so; (5) malice; and (6) special damages. *See Thompson v. Maryland Cas. Co.*, 84 P.3d 496, 507 n.16 (Colo. 2004).

With regard to the *per se* claims, a statement is defamatory as a matter of law if it imputes a criminal offense, loathsome disease, serious sexual misconduct, or another matter incompatible with the individual's business, trade, profession, or office to the subject of the statement. *See id.* at 899 n.9. To support a *per se* claim, the statement must be defamatory on its face, without resort to extrinsic proof or innuendo. *See Keohane v. Stewart*, 882 P.2d 1293, 1297 n.3 (Colo. 1994). For example, a statement that a person is a pedophile is defamatory on its face, whereas a statement that a person loves children is not because additional information is required to imbue the statement with defamatory meaning. *See Miles v. National Enquirer, Inc.*, 38 F. Supp. 2d 1226, 1229 (D. Colo. 1999). Likewise, a statement that a person is a stalker is defamatory as a matter of law because it attributes criminal activity to such person, but a statement that such person "would show up everywhere his wife went" is not defamatory as a matter of law because additional information is required for it to have a defamatory meaning. *See Tonnessen v. Denver Pub. Co.*, 5 P.3d 959, 963 (Colo. App. 2000).

Mr. Cross alleges that AAC recklessly communicated to credit reporting agencies that he owed a debt when no valid debt existed, causing him damages. He also alleges that such communication was objectionable under an objective standard. However, he has failed to allege that AAC made statements to third parties which are defamatory as a matter of law. The only persons to whom AAC allegedly disclosed the invalid debt were credit reporting agencies. To

10

such credit reporting agencies, a reported debt – even if invalid – has no defamatory meaning by itself.  Mr. Cross also has failed to allege special damages in support of his *per quod* claim. Therefore, the Court dismisses his libel *per se*, defamation *per se,* and defamation *per quod* claims.  However, Mr. Cross has pled sufficient facts to support his false light claim.

In Claim 11, Mr. Cross alleges that AAC committed the torts of extreme and outrageous conduct and intentional infliction of emotional distress.  Under Colorado law, this is actually a single claim with the following elements: (1) AAC engaged in extreme and outrageous conduct toward Mr. Cross, (2) recklessly or with the intent of causing Mr. Cross severe emotional distress, and (3) Mr. Cross incurred severe emotional distress as a result of AAC's conduct.  *See McKelvy v. Liberty Mut. Ins. Co.,* 983 P.2d 42, 44 (Colo. App. 1998).  Construing the allegations in the light most favorable to Mr. Cross, such claim is sufficiently pled.

In Claim 12, Mr. Cross alleges that AAC committed the torts of  negligence and negligence *per se*.  The elements of a negligence claim are: (1) AAC owed a legal duty to Mr. Cross; (2) AAC breached that duty; and (3) such breach caused Mr. Cross to sustain damages. *See Keller v. Koca*, 111 P.3d 445, 447 (Colo. 2005).   The elements of a negligence *per se* claim are: (1) AAC violated a statute; (2) the statute was adopted to protect public safety; (3) Mr. Cross is a member of the class of persons whom the statute was intended to protect; and (4) Mr. Cross' injuries are of the kind that the statute was intended to prevent.  *See State v. Moldovan*, 842 P.2d 220, 228 (Colo. 1992).  However, a statute which provides its own enforcement mechanism unknown at common law cannot be relied upon to support a negligence *per se* claim. *See Henry v. Kemp*, 829 P.2d 505, 506 (Colo. App. 1992).

Mr. Cross has pled sufficient facts to support his claim of negligence.  However, he has

not pled sufficient facts to support a claim of negligence *per se*.  Although he alleges that AAC

violated several federal and state statutes, such statutes have their own enforcement mechanisms

not known at common law.  Therefore, the Court dismisses the negligence *per se* claim.

**IT IS THEREFORE ORDERED** that:

(1)     AAC's motion to dismiss **(#51)** is **GRANTED IN PART** and **DENIED IN**

**PART**.  The Court dismisses Mr. Cross' claims of libel *per se*, defamation *per se*,

defamation *per quod*, and negligence *per se*.

(2)     RMS' motion to dismiss **(#57)** is **DENIED**.

(3)     Mr. Cross' remaining claims are:

Claim 1: falsely representing the character, amount, or legal status of a debt, in
        violation of 15 U.S.C. § 1692e(2)(A) and § 12-14-107(1)(b)(I), C.R.S.
Claim 2: communicating false credit information, in violation of 15 U.S.C.
        § 1692e(8) and § 12-14-107(1)(i), C.R.S.
Claim 3: using unconscionable conduct to collect a debt, in violation of § 5-5-
        109(4)(d)(I) & (IV), C.R.S.
Claim 4: contacting a consumer represented by an attorney, in violation of 15
        U.S.C. § 1692c(a)(2) and § 12-14-105(1)(b), C.R.S.
Claim 5: failing to correct credit information and substantiate a debt, in violation of
        15 U.S.C. §§ 1692, *et seq.*
Claim 6: using unfair or unconscionable means to collect a debt, in violation of 15
        U.S.C. § 1692f and § 12-14-108(1), C.R.S.
Claim 7: harassing, oppressing or abusing a person in connection with the
        collection of a debt, in  violation of 15 U.S.C. § 1692d(1) and § 12-14-
        106(1)(a), C.R.S.
Claim 8: failing to investigate disputed debt, in violation of 15 U.S.C. § 1681s-
        2(b)
Claim 9: false light

Claim 11: extreme and outrageous conduct
Claim 12: negligence

Dated this 21st day of February, 2006

**BY THE COURT:**

Marcia S. Krieger
United States District Judge